Filed 6/13/24  P. v. Gatica CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

<table>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>REYES TLASECA GATICA,<br><br>    Defendant and Appellant.</td><td>G063019<br><br>(Super. Ct. No. 01NF1451)<br><br>O P I N I O N</td></tr>
</table>

Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*　　　\*　　　\*

In May 2002, defendant Reyes Tlaseca Gatica was found guilty of second degree murder. The jury also found that he personally used a knife, a deadly and dangerous weapon within the meaning of Penal Code section 12022, subdivision (b)(1).[1] He was sentenced to a total of 16 years to life.

In 2023, Gatica filed a resentencing petition. (§ 1172.6.) The trial court denied the petition. Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].) Thus, we affirm the order of the trial court.

I

FACTS

For informational purposes, we repeat the relevant facts from the prior appeal in this matter, *People v. Gatica* (May 11, 2004, G031008) [nonpub. opn.].

As of September 7, 2000, the defendant lived with his girlfriend, Maria Munoz, and her adult son, Carlos Cervantes, in an Anaheim apartment. Late that afternoon, a neighbor heard a man and a woman arguing in the apartment. As she walked by, she saw the defendant standing over Munoz, who was on the floor. The neighbor

---

[1] Subsequent statutory references are to the Penal Code.

saw the defendant drag Munoz from the kitchen to the bedroom, and heard her call for help. When Cervantes arrived home shortly thereafter, he saw stains on the carpet, and then found the bedroom door was locked. He forced open the door and found his mother lying on the carpet with blood all over her body. He saw a wound on her neck and another on her stomach. The defendant was lying on the carpet next to Munoz. Munoz had no pulse, but the defendant was breathing.

"Cervantes also saw two knives on the floor, and recognized them as kitchen knives. Cervantes called 911. Officer Priscilla Delgado responded, and saw bloodstains on the carpet, as well as a blood smear that led into the bedroom. She found the victim and the defendant in the bedroom.

"Munoz had three stab wounds to the abdomen, two cuts to her neck, and several other wounds. She also had defensive wounds on her hands. She died of blood loss.

"The defendant was arrested and charged, but then released after the charges were dismissed. The prosecution apparently refiled the charges, and the defendant was re-arrested as he left the jail on charges of first degree murder (Pen. Code, § 187, subd. (a)) with the enhancement that he personally used a knife. (Pen. Code, § 12022, subd. (b)(1).)

[¶] . . . [¶]

"The defendant was convicted of second degree murder. The jury also found the enhancement to be true." (*People v. Gatica, supra,* G031008.)

The instructions given to the jury did not include felony murder, the natural and probable consequences doctrine, or any theory

3

where malice was imputed solely based on Gatica's participation in a crime.

On May 15, 2023, Gatica filed a petition for resentencing pursuant to section 1172.6. The prosecution opposed. The prosecution's brief included numerous documents from the record of the trial, including the abstract of judgment, register of actions, the information, the verdict forms, and the jury instructions. Gatica filed a reply brief through counsel.

At the hearing on whether Gatica had stated a prima facie case for relief, the trial court denied the petition. Gatica filed a notice of appeal. After Gatica's counsel filed the brief requesting review pursuant to *Wende*, we issued an order granting Gatica 30 days to file a supplemental brief on his own behalf. No supplemental brief was received.

II

DISCUSSION

When a defendant's counsel identifies no arguable issues on appeal, an appellate court independently reviews the record for arguable issues. (*Wende, supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

4

After independently reviewing the record, this court has found no arguable issues. The trial court properly limited its review to the record of conviction and did not engage in impermissible factfinding at the prima facie stage. (*People v. Lewis* (2021) 11 Cal.5th 952, 972; *People v. Drayton* (2020) 47 Cal.App.5th 965, 980, abrogated on other grounds by *Lewis*, *supra*, 11 Cal.5th at p. 963.)

The fact that the jury instructions did not instruct the jury on any theory that would be precluded under current law, such as natural and probable consequences or felony murder, lead to the conclusion that the jury could only have found that Gatica was the sole perpetrator and actual killer and acted with the requisite intent for second degree murder. Accordingly, he is precluded from relief under section 1172.6 as a matter of law.

## III
## DISPOSITION

The trial court's order denying Gatica's section 1172.6 petition is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

GOETHALS, J.

DELANEY, J.

5